# CASES

ADJUDGED IN

## THE COURT OF CHANCERY

### OF THE STATE OF NEW-JERSEY.

### APRIL TERM, 1836.

---

Abraham T. Hillyer and Euphemia Jane Hillyer v. Ezra Ayres, Acting Executor of Enoch Dunn, deceased, Eliza Dunn, George Dunn, and Enoch L. Dunn.

A testator by his will gave to his son Enoch one thousand dollars, to be paid at the death of the testator; to his daughter Eliza one thousand dollars, to be paid at the age of twenty-one; and to his daughter Catharine fifteen hundred dollars, also to be paid at the age of twenty-one; and added, "if any of my before named children should decease before he or she shall attain the age of twenty-one years, without lawful issue him or her surviving, then his or her said legacy shall lapse and form a part of the residue of my estate, to be distributed among my surviving children as herein after mentioned." He then gave to his daughter Euphemia seven hundred dollars, in addition to three hundred dollars he had previously given her. The will then contains the following clauses: "As to all the rest and residue of my estate, I give and bequeath the same unto my said son Enoch, and my said daughters Eliza and Catharine, in equal shares to be divided among them; but in case my said daughters, or either of them, (who are now minors,) shall decease before they attain the age of twenty-one years, without lawful issue them surviving, the part of her or them so deceased shall lapse into the general fund of my estate, to be divided as aforesaid among the survivors of them. And my further will is, that although I have heretofore given and advanced to my oldest son George, the sum of twenty-five hundred dollars, which I suppose is at least as much if not more than will come to my other children under this my will, yet, nevertheless, if it shall so happen by the lapse of any legacies or legacy herein before mentioned or intended to be given as aforesaid, or from other

causes so augmenting the residue of my estate that there shall be a surplus after distributing to my other children in manner aforesaid, so much as shall make their respective shares, taken with their aforesaid legacies, respectively, amount to the sum of twenty-five hundred dollars, then my son George shall come in for a share with my other children." After the death of the testator, Catharine, one of his daughters, died under the age of twenty-one, and without lawful issue her surviving. *Held,*

1. That Euphemia is not entitled to an equal share of the residue with Enoch, Eliza, and Catharine.

2. That she is not entitled to an equal share with Enoch and Eliza, of the legacy of Catharine, which by her death fell into the residue.

3. That she is not entitled to an equal share with Enoch and Eliza, of Catharine's share of the residue, which by her decease fell into the estate.

THE bill in this cause was filed in the name of a feme covert, (claiming to be a residuary legatee under the will of her father, Enoch Dunn, deceased,) and of her husband, against the acting executor of the will, and the other residuary legatees therein named, for the recovery of certain residuary legacies under the will. To this bill a general demurrer was filed, and the cause was heard upon the demurrer.

*E. Wood,* for the defendants, in support of the demurrer.

*Disborough* and *I. H. Williamson,* for complainant, contra.

THE CHANCELLOR. Enoch Dunn, late of the county of Middlesex, died in eighteen hundred and thirty-one, leaving a last will and testament duly executed to pass real estate; and Ezra Ayres, one of the executors, proved the will in the usual form. The testator directed all his real estate to be sold and converted into personalty; and gave to his wife five hundred dollars and all the furniture. He also gave her the interest of one third of all the rest of his estate during widowhood; if she married, that annuity was to cease, and in lieu thereof she was to receive five hundred dollars. He then gave to Enoch, his son, one thousand dollars, to be paid to him at the decease of testator; to Eliza, his daughter, one thousand dollars, to be paid at the age of twenty-one; and to Catharine, fifteen hundred dollars, also

to be paid at the age of twenty-one; and added, "if any of my before named children shall decease before he or she shall attain the age of twenty-one years, without lawful issue him or her surviving, then his or her said legacy shall lapse and form a part of the residue of my estate, to be distributed among my surviving children, as herein after mentioned." He then gave to his daughter, Euphemia Jane Hillyer, one of the complainants, seven hundred dollars, in addition to three hundred dollars he had given her before. Then occurred the following clauses : "As to all the rest and residue of my estate, I give and bequeath the same unto my said son Enoch, and my said daughters Eliza and Catharine, in equal shares to be divided among them; but in case my daughters, or either of them, (who are now minors,) shall decease before they attain the age of twenty-one years, without lawful issue them surviving, the part of her or them so deceased shall lapse into the general fund of my estate, to be divided as aforesaid among the survivors of them. And my further will is, that although I have heretofore given and advanced . to my eldest son, George, the sum of twenty-five hundred dollars, which I suppose is at least as much, if not more, than will come to my other children under this my will, yet, nevertheless, if it shall so happen by the lapse of any legacies or legacy herein before mentioned or intended to be given as aforesaid, or from other causes so augmenting the residue of my estate, that there shall be a surplus after distributing to my other children in manner aforesaid, so much as shall make their respective shares, taken with their aforesaid legacies, respectively, amount to the sum of twenty-five hundred dollars, then my son George shall come in for a share with my other children."

After the death of the testator, Catharine, one of the daughters, died, under the age of twenty-one, and without lawful issue her surviving.

Hillyer and wife, who file their bill in this case, admit the payment of the specific legacy of seven hundred dollars; but they claim to be entitled, under the will and the contingency that has happened, to portions of the estate still in the hands of

the executor. In the first place, they claim to be entitled, in right of the wife, to an equal share of the residuum of the estate with Enoch, Eliza and Catharine ; that is to say, the one fourth part of the residuum of the estate, after deducting the specific legacies and the allotment to the widow. In the next place, they claim of the legacy of Catharine, which fell into the residuum by her death, an equal share with Enoch and Eliza ; that is to say, the one third part. And lastly, they claim one third part of Catharine's share of the residuum which by her decease fell into the estate. Alleging the estate to be unsettled, they pray an account, and such relief as they may be entitled to.

To this bill there is a general demurrer.

The will is not without its difficulties ; but they do not apply to every part of it. They have no reference to the first claim set up by the complainants. This is, as I conceive, entirely without foundation. The original residuum, by which I mean the residue of the estate after the payment of all the legacies, is expressly given by the will to Enoch, Eliza and Catharine, in equal shares to be divided among them ; and I have not been able to discover upon what pretence a claim can be made by the complainants to any part of it. As to this, the will is as plain as language can make it. The residuum is to be divided into three parts, and to go to three persons, who are expressly named.

2. The second claim is to an equal share with Enoch and Eliza of the legacy of fifteen hundred dollars. In this there would seem to be a difficulty, but on consideration I am of opinion the claim cannot be supported.

The will directs, that in case of the death of Catharine, Enoch or Eliza, under twenty-one years and without issue, the legacy of the one so dying shall lapse and form a part of the residue of his estate, " to be distributed among my surviving children as herein after mentioned." It was, then, to fall into the residuum of the estate; and it was to be divided among the surviving children as the residuum was afterwards directed to be divided. There is no other express direction for the division of the residuum than the one already referred to. It is to be divided among

50

the three, Catharine, Enoch and Eliza; and Catharine having died, her legacy is to go to the survivors who take the residuum. The expression, "among my surviving children," is qualified by the context. It is to be distributed, not absolutely among all his surviving children, but is made to form a part of the residue of the estate, and is to be divided among the surviving children "as herein after mentioned." Taking this clause in connection with the clause which directs the distribution of the residue, and it is evident that the testator meant to limit the expression to the survivors or survivor of the three whose legacies were limited over, and to whom he also expressly gave the residue of the estate; that is, Enoch, Eliza and Catharine. Mrs. Hillyer's legacy is not limited over. It can by no possibility form a part of the residuum of the estate.

3. Catharine having deceased, the complainants claim also a proportion of her share of the residuum of the estate. In such claim I think there is no just ground. The residuum is given to three of the children by name. Eliza and Catharine being minors, the will provides that in case they, or either of them, shall die under age and without issue, the part of her or them so deceased shall lapse into the general fund of the estate, " to be divided as aforesaid among the survivors *of them.*" What survivors are here meant? I think, without doubt, the survivors of those to whom the residuum was given by name, and in express terms.

Taking this clause by itself, it can admit of no other construction; and taking those parts of the will which refer to the legacies and to the residuum, and to the mode of distribution, whether with or without any lapse, and it appears to me no one would hesitate to say, it was the intention of the testator that Enoch, Eliza and Catharine, or the survivors or survivor of them, should have the legacies given to them and also the residuum. If either of the legacies lapsed, it was to go into the residuum, and to be divided among his surviving children as afterwards mentioned. The residuum was to be divided among three; and in case of a lapse as to a part of the residuum, the whole was to

[Hillyer v. Ex'r of Dunn et al.]

be divided among the survivors. There is in this no inconsistency; and if it were not for the next clause of the will, no serious question could be raised. That provides for a contingency which was supposed by the testator to be barely possible. After stating that George had received twenty-five hundred dollars, which he supposed to be at least as much, if not more, than would come to his other children under the will, he directed that if it should so happen by the lapse of any legacy or legacies, or from other causes augmenting the residuum of the estate, that there should be a surplus after distributing to his other children in manner aforesaid, so much as should make their respective shares, taken with their aforesaid legacies respectively, amount to the sum of twenty-five hundred dollars, then his son should come in for a share with his other children.

This clause, though it relates to a remote contingency, or what the testator appeared to consider a bare possibility, must be taken into view in construing this will. The intention of the testator is to be collected from the whole instrument, and not from detached parts; and the different portions are to be reconciled, as far as possible. In this case I have not been able to make them harmonize entirely.

It would seem, from a cursory view of this clause, that the testator intended to make all his children equal. Yet this is at variance with the whole structure of the will, and with its most positive directions. The testator, in the very commencement of the will, sets out with a different principle. He gives to three of his children one thousand dollars each, and to a fourth one fifteen hundred dollars. Here is an inequality about which there can be no possible dispute. Then again he directs that the residuum of the estate shall be divided among three, expressly excluding the fourth one, and the legatee who receives fifteen hundred dollars is one of the three to whom the residue is given. Here is another, and a still greater inequality. If there had been no lapse, no question could have been made as to the intention of the testator; and yet the estate would have been very unequally distributed. It is plain, then, that the testator did not

intend that his estate should, at all events, be equally divided among all his children.

Nor can there be an equality, if the claims of Euphemia Jane should be allowed, unless she can come in for a share of the residuum, which I think impossible; and in truth it was abandoned on the argument. For if she is entitled to an equal share of the legacy, and an equal part of Catharine's lapsed share of the residuum, she would only receive the one ninth part of the whole residue, while the other two receive four ninth parts each. This produces no equality, such as appears to be contemplated by the clause now under consideration. It shows that the different parts of the will cannot be reconciled upon the ground taken by the complainant.

Still the clause is not to be considered as nugatory and rejected altogether, provided it be susceptible of any reasonable construction. If we suppose the testator to have meant, that if those of his children to whom he had given legacies and residuary shares which were liable to lapse, should by reason of such lapsing and consequent accumulation, be entitled, under the mode of distribution adopted by the will, to receive more than twenty-five hundred dollars each, then the overplus should be shared by them and George equally; the difficulty, if not removed, is greatly obviated. And, taking the whole instrument together, I think this the most reasonable construction that can be adopted.

The testator says, "if there should be a surplus, after distributing to my other children in manner aforesaid, so much as shall make their respective shares, together with their aforesaid legacies respectively, amount to the sum of twenty-five hundred dollars," &c. The phrase, "distributing to my other children in manner aforesaid," refers, necessarily, to the mode in which the residuum is to be distributed. It can refer to nothing else; and we have already seen that as to that part of the will there is certainty. The term "other children," used in this clause, must be taken in the same connection, and be considered as referring to those other children to whom the residuum had been given. And this may be done without any violence to language, and is

consistent with those parts of the will about which there is no dispute. This construction will deprive Euphemia Jane, the complainant, of any interest in the will except the original legacy of one thousand dollars; and I would willingly avoid it, if I could; but I cannot consent to give greater weight to the uncertain and doubtful parts of a will, than to those which are clear and free from ambiguity. It would be unsafe and dangerous in principle, and in this instance would make the whole instrument incongruous and uncertain.

Demurrer allowed.